***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Accordingly, the Full Commission affirms, with minor modifications, the Opinion and Award of Deputy Commissioner Hall.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employment relationship existed between Plaintiff and Defendant-Employer on or about August 29, 2007, the date of the alleged injury.
3. The carrier on the risk is correctly named above.
4. Plaintiff alleges to have sustained injuries to multiple body parts, which Defendants accepted as compensable via a Form 60 filed September 24, 2007.
5. Defendants filed a motion to compel vocational rehabilitation on August 20, 2009.
6. On October 21, 2009, former Executive Secretary Weaver denied Defendants' motion, which Defendants have appealed.
7. The parties participated in mediation on January 10, 2010, which resulted in an impasse.
8. Plaintiff's average weekly wage is $709.38, which yields a compensation rate of $472.89.
9. Defendants agree to pay any underpayment for prior temporary total disability compensation paid at a rate of $467.86.
10. Plaintiff's issues for determination:
 a. Whether Defendants are responsible for Plaintiff's treatment with Dr. Huffmon and the Defendants' denial of any treatment since his surgical recommendation.
 b. Whether Defendants are required to authorize surgery as recommended by Dr. Huffmon. *Page 3 
 c. Whether Dr. Alsina should be added as an additional authorized treating physician since Defendants have denied treatment with Dr. Huffmon.
11. Defendants' issues for determination:
 a. Whether Plaintiff's current neck condition is causally related to her alleged, unwitnessed slip and fall at work.
 b. Whether an order should be issued to compel Plaintiff to fully cooperate with and participate in vocational activities.
 ***********
The following were marked and received into evidence as:
 EXHIBITS
1. Stipulated Exhibit 1: I.C. filings, discovery, medical records, vocational rehabilitation reports, and wage information.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was 51 years old and a high school graduate. Plaintiff worked as a billing specialist for Defendant-Employer.
2. On August 29, 2007, Plaintiff suffered an injury by accident while working for Defendant-Employer when she slipped and fell on the kitchen floor of Defendant-Employer's business, hitting her right knee on some cabinets and her back on the floor. *Page 4 
3. Plaintiff had previously undergone a cervical fusion by Dr. George Huffmon in November 2006, and had returned to work without any significant problems in January 2007.
4. Plaintiff reported the August 29, 2007 injury to Defendant-Employer, who filed a Form 19 on August 30, 2007, for multiple body parts and pain. Plaintiff filed a Form 18 on September 12, 2007, stating that she struck her right knee and spine in the fall.
5. Defendants accepted Plaintiff's claim on a Form 60 and authorized treatment with Dr. Huffmon. Plaintiff received temporary total disability benefits for her time out of work.
6. Dr. Huffmon treated Plaintiff for injuries to her cervical spine and lumbar spine, and for her initial knee injury, for which symptoms have since resolved.
7. Dr. Huffmon recommended surgery to Plaintiff's neck and back, including cervical fusion and/or a lumbar fusion. Follow-up care with Dr. Huffmon was denied by Defendants. Plaintiff sought a second opinion with Dr. George Alsina using her private healthcare insurance. Dr. Alsina opined Plaintiff will need cervical fusion, which may also clear up the lumbar problems. Plaintiff requested that Dr. Alsina be authorized as her treating physician.
8. Plaintiff initially saw Dr. Francis Pecoraro of Atlantic Orthopedics on March 18, 2008, and he continues to provide pain management treatment for Plaintiff.
9. Defendants filed a motion for Plaintiff to comply with vocational rehabilitation, which was denied by the Executive Secretary's office on October 21, 2009. Defendants filed a Form 33 appealing that denial.
10. Plaintiff filed a Form 33 regarding the denial of medical treatment with her authorized treating physician, Dr. George Huffmon. *Page 5 
11. Dr. Alsina opined that Plaintiff's fall did not cause her cervical problems, but was a contributing factor in that it aggravated her neck and low back pain.
12. Dr. Huffmon testified to a reasonable degree of medical certainty, and the Full Commission finds as fact, that Plaintiff's cervical and lumbar problems were caused, aggravated, or accelerated by her fall at work on August 29, 2007.
13. Dr. Huffmon and Dr. Alsina both opined, and the Full Commission finds, that Plaintiff is not capable of performing full time work, and is only capable of working four hours or less per day with restrictions regarding her lifting ability and ability to sit and stand for work.
14. Given all of Plaintiff's prior cervical spine problems and surgeries, Defendants did not unreasonably defend this claim.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff suffered an injury by accident while working for Defendant-Employer when she slipped and fell at work, aggravating her pre-existing cervical spine and lumbar spine problems. N.C. Gen. Stat. § 97-2.
2. Plaintiff is entitled to have Defendants pay for all medical compensation reasonably related to her compensable injury by accident incurred or to be incurred that is reasonably designed to affect a cure, provide relief, or lessen Plaintiff's period of disability, including the recommendations of Dr. Huffmon, Dr. Alsina, and Dr. Pecoraro. N.C. Gen. Stat. §§ 97-25, 97-25.1. *Page 6 
3. Defendants have not shown good grounds for an Order compelling Plaintiff to fully cooperate with vocational rehabilitation efforts at this time. N.C. Gen. Stat. § 97-25.
4. Defendants did not unreasonably defend this claim. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay for all medical compensation reasonably related to Plaintiff's compensable injury by accident incurred or to be incurred that is reasonably designed to affect a cure, provide relief, or lessen Plaintiff's period of disability, including the treatment recommendations of Dr. Huffmon, Dr. Alsina, and Dr. Pecoraro, as well as any unpaid medical bills from prior related treatment provided by Dr. Huffmon.
2. Defendants shall authorize Plaintiff to treat with Dr. George Alsina, Dr. George Huffmon, and Dr. Francis Pecoraro.
3. Defendants shall pay the court costs.
This the 18th day of March, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE *Page 7 
COMMISSIONER
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER